UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

_____
                                )
WEST COAST                      )
PRODUCTIONS, INC.               )
                                )
       Plaintiff,              )
                                )
v.                              )   CIVIL ACTION FILE
                                )
                                )   NO. 2:11-cv-226-WCO
ANTONIO ANDERSON,               )
                                )
       Defendant.              )
_____)

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

**1. Description of Case:**

(a) Describe briefly the nature of this action.

Plaintiff West Coast Productions, Inc. ("Plaintiff") sues Defendant Antonio Anderson ("Defendant") for direct and/or contributory copyright infringement under the Copyright Act, 17 U.S.C. § 101 et seq. (2006).

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

*Plaintiff:*

Plaintiff is responsible for the creation, development, and production of the commercially released motion picture entitled *Teen Anal Nightmare 2*, which has significant value and has been produced and created at considerable expense. Plaintiff has and continues to be the holder of the pertinent exclusive copyrights infringed by Defendant, as alleged hereunder, for certain copyrighted works, including but not limited to the copyrighted motion picture *Teen Anal Nightmare 2* (collectively, including screenplays and derivative works, the "Copyrighted Motion Picture"), which Copyrighted Motion Picture is the subject of valid Certificate of Copyright Registrations # PA0001701526 issued by the Register of Copyrights.

The Copyrighted Motion Picture contains a copyright notice advising the viewer that the motion picture is protected by the copyright laws.

Plaintiff is informed and believes that Defendant, without the permission or consent of the Plaintiff, has and continues to use the BitTorrent protocol to reproduce and distribute to the public, including by making available for distribution to others, the Copyrighted Motion Picture. The BitTorrent protocol or "torrent" is an online media distribution system which users of peer-to-peer ("P2P") networks use to transfer data files such as digital audio/music files, digital

pictures, and digital movies. The effect of the BitTorrent protocol is to make every downloader also an uploader of the illegally transferred file(s), which means that every "node" or peer user who has a copy of the infringing copyrighted material on a torrent network must necessarily also be a source of download for that infringing file.  Defendant, on information and belief, without the permission or consent of the Plaintiff, downloaded and distributed the Copyrighted Motion Picture using the BitTorrent protocol on 11/29/2010 at 1:44:54 PM (UTC) via the Internet Protocol ("IP") address 76.97.76.224, which was provided by Defendant's Internet Service Provider ("ISP"), Comcast Cable Communications, Inc.

Defendant's acts of infringement were intentional, willful, malicious, and in disregard of and with indifference to the rights of the Plaintiff.  As a result of Defendant's acts of infringement, Plaintiff has been damaged.

### *Defendant:*

This lawsuit stems from a mass-copyright-infringement lawsuit filed in the United States District Court for the District of Columbia: *West Coast Productions, Inc. v. Does 1-5829*; 1:11-cv-00057-CKK ("Prior Lawsuit").  In the Prior Lawsuit,

Plaintiff accused Defendant[1] downloaded a motive titled "Teen Anal Nightmare 2" in violation of its copyright rights on November 29, 2010.  Plaintiff subsequently obtained the D.C. Court's permission to subpoena Defendant's personal information from their internet service provider.  Defendant received notice of the subpoena and retained counsel.  Defendant sent Plaintiff an affidavit stating that he has never downloaded a movie titled "Teen Anal Nightmare 2," nor has he even heard of such a movie.  Defendant also offered to permit Plaintiff to inspect his computer(s) in order to allay any fears that he is responsible for downloading "Teen Anal Nightmare 2."  Plaintiff rejected this offer and subsequently filed this lawsuit.  Defendant denies that he is liable for copyright infringement and asserts the following defenses: Laches, Estoppel, One Recovery, Unclean Hands, and any other defenses that become viable during the course of litigation.

    (c)    The legal issues to be tried are as follows:

        (1) Whether Defendant violated the Copyright Act.

        (2) Whether Defendant should be enjoined from infringing the rights of the copyrighted motion picture and any other

---

[1] The Prior Lawsuit referred to Defendant as a "John Doe" because Plaintiff only had Defendant's alleged IP address when it filed the lawsuit.

copyrights, now in existence or created in the future, that Plaintiff holds.

(3) Whether Plaintiff is entitled to statutory damages of up to $150,000 per infringement for any of Defendant's willful infringements of Plaintiff's copyrighted work.

(4) Whether any of the defenses asserted by Defendant are meritorious.

(5) Whether Plaintiff is alleging joint/several liability, and if so, whether it is permitted to recover any money considering that it has already settled with some defendants in the Prior Lawsuit.

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases:   None.

(2) Previously Adjudicated Related Cases:

a. Identified by Plaintiff: *West Coast Productions, Inc. v. Does 1-5829*, No. 11-57(CKK), 2011 WL 2292239 (D.D.C. June 10, 2011).

b. Identified by Defendant: *West Coast Productions, Inc. v. Does 1-5829*; 1:11-cv-00057-CKK (D.D.C.).

5

2. **This case is complex because it possesses one (1) or more of the features listed below (please check):**

\_\_\_\_\_ (1) Unusually large number of parties
\_\_\_\_\_ (2) Unusually large number of claims or defenses
\_\_X\_\_ (3) Factual issues are exceptionally complex (Defendant)
\_\_\_\_\_ (4) Greater than normal volume of evidence
\_\_\_\_\_ (5) Extended discovery period is needed
\_\_X\_\_ (6) Problems locating or preserving evidence (Defendant)
\_\_\_\_\_ (7) Pending parallel investigations or action by government
\_\_X\_\_ (8) Multiple use of experts (Defendant)
\_\_\_\_\_ (9) Need for discovery outside United States boundaries
\_\_X\_\_ (10) Existence of highly technical issues and proof (Defendant)

3. **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:

> Elizabeth Ann Morgan
> Candice D. McKinley
> Flora Manship
> THE MORGAN LAW FIRM P.C.
> 260 Peachtree Street, Suite 1601
> Atlanta, Georgia 30303
> Telephone: (404) 496-5430
> morgan@morganlawpc.com
> mckinley@morganlawpc.com
> manship@morganlawpc.com

Defendant:

> Blair Chintella
> 1600 Alexandria Court SE
> Marietta, GA 30067

(404) 579-9668
bchintel1@gmail.com

4. **Jurisdiction:**

Is there any question regarding this court's jurisdiction?
___Yes _X_No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. **Parties to This Action:**

(a) The following persons are necessary parties who have not been joined:

Plaintiff: None.

(b) The following persons are improperly joined as parties: None.

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: None.

(d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. **Amendments to the Pleadings:**
Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P.15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:

a. Plaintiff: None.

      b. Defendant: Defendant anticipates possibly filing a Motion for a More Definite Statement and an Amended Answer.

(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

### 7. Filing Times For Motions:

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions:* within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony: Daubert* motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F

### 8. Initial Disclosures.

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

**9. Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

The parties do not request a scheduling conference at this time.

**Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0) months discovery period, (b) four (4) months discovery period, and (c) eight (8) months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

(1) Documents and Electronically Stored Information related to the infringement of Plaintiff's Copyrighted Motion Picture by the Defendant.

(2) Documents and electronically stored information from the Plaintiff.

(3) Information regarding the alleged detection of defendant's IP address, including expert witnesses, technological devises relied upon, etc., especially those items mentioned in the lawsuit in the D.D.C.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be

9

conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

Defendant anticipates that an extended discovery period may be needed. This case will likely involve somewhat complex areas of computer science – e.g., network security and forensic experts – and it may take extra time to arrange for the production of evidence, depositions, etc. in this regard.

**10. Discovery Limitation:**

What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

None.

**11. Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

None.

**12. Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on November 30, 2011, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Elizabeth Ann Morgan; Flora Manship
Other participants:

For Defendant: Blair Chintella

Other participants:

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(__X__) A possibility of settlement before discovery.
(__X__) A possibility of settlement after discovery. (Defendant)
(_____) A possibility of settlement, but a conference with the judge is needed.
(_____) No possibility of settlement.

(c) Counsel (__X__) do or (____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is <u>TBD</u>.

(d) The following specific problems have created a hindrance to settlement of this case.

**13. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (_____) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____day _____, of 20___.

(b) The parties (__X__) do not consent to having this case tried before a magistrate judge of this court.

11

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), counsel certify that the foregoing has been prepared in Times New Roman, 14-point type, which is one of the font and point selections approved by the Court in Local Rule 5.1(B).

This 13th day of December, 2011.

Respectfully submitted,

| | |
|---|---|
| s/Flora Manship | /s/ *Blair Chintella*_____ |
| Elizabeth Ann Morgan | Blair Chintella |
| Georgia Bar No. 522206 | Georgia Bar No. 510109 |
| Candice D. McKinley | 1600 Alexandria Court SE |
| Georgia Bar No. 253892 | Marietta, GA 30067 |
| Flora Manship | (404) 579-9668 |
| Georgia Bar No. 317817 | bchintel1@gmail.com |
| THE MORGAN LAW FIRM P.C. | *Counsel for the Defendant* |
| 260 Peachtree Street | |
| Suite 1601 | |
| Atlanta, Georgia 30303 | |
| TEL:  404-496-5430 | |
| morgan@morganlawpc.com | |
| mckinley@morganlawpc.com | |
| manship@morganlawpc.com | |
| *Counsel for the Plaintiff* | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

_____
                                    )
**WEST COAST**                      )
**PRODUCTIONS, INC.**               )
                                    )
      **Plaintiff,**         )
                                    )
v.                                  )   **CIVIL ACTION FILE**
                                    )   **NO. 2:11-cv-226-WCO**
                                    )
**ANTONIO ANDERSON,**               )
                                    )
      **Defendant.**          )
_____ )

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

    ***IT IS SO ORDERED***, this _____ day of _____, 2011.

                                                   _____
                                               HONORABLE WILLIAM C. O'KELLEY
                                               UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| WEST COAST PRODUCTIONS, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | NO. 2:11-cv-226-WCO |
| ANTONIO ANDERSON, ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2011, I filed the **JOINT PRELIMINARY REPORT AND DISCOVERY PLAN** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorney of record:

Blair Chintella
1600 Alexandria Court SE
Marietta, GA 30067
(404) 579-9668
bchintel1@gmail.com

Respectfully submitted,

s/Flora Manship
Elizabeth Ann Morgan
Georgia Bar No. 522206
Candice D. McKinley
Georgia Bar. No. 253892
Flora Manship
Georgia Bar. No. 317817
THE MORGAN LAW FIRM P.C.
260 Peachtree Street
Suite 1601
Atlanta, Georgia 30303
TEL: 404-496-5430
morgan@morganlawpc.com
mckinley@morganlawpc.com
manship@morganlawpc.com
*Counsel for the Plaintiff*